# LAW OFFICES OF MICHAEL D. STEGER, PC

30 Ramland Road, Suite 201
Orangeburg, NY 10962
(845) 359-4600
(845) 638-2707 (fax)
msteger@steger-law.com
www.steger-law.com

June 15, 2020

**VIA ECF**

Honorable Ronnie Abrams
United States District Court Southern District of New York
40 Foley Square
New York, NY 10007

      Re: *Palmieri v. East Coast Power & Gas, LLC, et al*, 20-CV-2663-RA

Dear Judge Abrams:

      I represent plaintiff Vincent Palmieri in this breach of contract case. I am writing jointly with Trevor M. Gomberg, of the Levitt LLP law firm, counsel for defendants East Coast Power & Gas, LLC ("ECPG"), John Knief and Anthony Milanese (collectively, "Defendants") to submit the following joint report and attached respective proposed case management plans pursuant to the Court's initial scheduling order (Doc. 09).

      As a threshold matter, Defendants have filed a motion to dismiss Palmieri's First Amended Complaint which was fully submitted on June 5, 2020. The Court's determination of that motion may affect some or all of the proposed dates.

      The parties have discussed Your Honor's form case management plan but are not able to agree on the amount of time needed to complete fact discovery. Issue has not been joined and Defendants submit the complexity of Defendants' case, ongoing fact and forensic investigation, and document collection relating to anticipated discovery on both Plaintiff's claims and Defendants' anticipated counterclaims, warrant a substantially longer time period (*i.e.* 8 months) compared to Plaintiff's 5-month proposal.[1] Defendants also submit the ongoing exceptional circumstances due to COVID-19 warrants a longer fact discovery timetable. Accordingly, the parties are submitting separate proposed case

---

[1] Defense counsel are accustomed to operating under tight timetables, such as the Eastern District of Virginia's "Rocket Docket", however we believe certain cases fall outside the 'norm' and while the Court has not seen Defendants' counterclaims, Defendants submit the Court should not enter a schedule based solely on Plaintiff's summary which suggests a more straightforward case.

management plans.

Notwithstanding same, in light of the pendency of the motion to dismiss, which is primarily brought on subject matter jurisdiction grounds (discussed in further detail herein, under "Jurisdiction"), Defendants suggest that the Court may find it more efficient to defer entering a scheduling order until after it has decided the motion.

Nature of the Case

**Plaintiff's Position:**

Palmieri was employed by ECPG as its Chief Operating Officer pursuant to a written employment agreement with a guaranteed salary. Palmieri also purchased a ten percent membership interest in ECPG and was a member of ECPG. On February 25 2020, Defendants terminated Palmieri's employment and expelled him from membership in ECPG. Palmieri is pursuing three causes of action: (1) Breach of Contract. Defendants breached the employment agreement by failing to pay Palmieri his guaranteed salary prior to terminating his employment. (2) Breach of Contract. Defendants have failed and refused to compensate Palmieri for his membership interest as required by his employment agreement and ECPG's operating agreement. (Milanese and Knief personally guaranteed payment for Palmieri's membership interest). (3) Declaratory Relief. Finally, Palmieri seeks declarations that (a) the covenants not to compete and not to solicit that were in his employment agreement are void and unenforceable, and (b) Defendants' termination of Palmieri's employment was without cause, triggering a higher payout for his membership interest in ECPG.

**Defendants' Position:**

Defendants anticipate, without waiver of any rights, that they are likely to assert counterclaim(s) grounded in, among other things, fraud and the faithless servant doctrine. Although Defendants' factual and forensic investigation is ongoing, Defendants' counterclaims will far exceed, in terms of both value and complexity, Plaintiff's claims (which claims Defendants dispute in any event).[2] In short, Plaintiff's actions as Chief

---

[2] While not exhaustive of defenses to be asserted, Defendants have raised some specific defenses in its motion to dismiss, namely: _With respect to Plaintiff's breach of contract claims_: to the extent either of the individual defendants had guarantee obligations at all under either of the agreements annexed to Plaintiff's pleading, the First Amended Complaint neither alleges the conditions precedent to those guarantees arising, nor alleges that those conditions have been satisfied. _With respect to Plaintiff's declaratory judgment claim_: the claim is duplicative of Plaintiff's breach of contract claims, and additionally seeks an improper advisory opinion regarding the validity of a post-employment restrictive covenant. This is so because there is no allegation that Plaintiff has either accepted employment or received an offer of employment elsewhere, or that Defendants have taken any steps to enforce the restrictive covenant, and thus, the request for declaratory relief is not ripe.

Case 1:20-cv-02663-RA Document 30 Filed 06/15/20 Page 3 of 4

Executive Officer caused the demise of ECPG, which for years had been a leader in the energy industry with gross revenues of almost $350 million. By way of illustration only, and in addition to multiple other acts in the process of being uncovered, Plaintiff purchased or caused to be purchased an amount of energy products far beyond what could have ever conceivably been resold by ECPG to its customers. In addition, by speculating that energy prices would increase, Plaintiff caused ECPG to suffer catastrophic losses in the many millions of dollars. Moreover, Plaintiff undertook acts in violation of various policies, rules, and regulations. Last, Plaintiff directly hired and personally oversaw an IT vendor for ECPG, only for Defendants to now discover, after its removal, several irregularities in ECPG's computer systems.[3]

Jurisdiction and Venue

**Plaintiff's Position:**

Palmieri has invoked the Court's diversity jurisdiction. Palmieri is a resident of New Jersey. ECPG is a New York domestic LLC based in the Bronx. Milanese is a resident of New York, residing in New York County. Knief is a resident of New York, residing in Nassau County. Because Defendants expelled Palmieri from ECPG, Milanese and Knief are the only members of ECPG. Therefore, ECPG is a resident of New York. Accordingly, complete diversity exists.

In addition, Paragraph 22(l) of Palmieri's employment agreement provides that the Southern District of New York is an appropriate forum for any dispute among the parties.

**Defendants' Position:**

Defendants will very briefly summarize their motion to dismiss position that Plaintiff has not demonstrated complete diversity of parties exists, and therefore subject matter jurisdiction does not lie in this Court.

As to Plaintiff's pleaded position, he seeks, *inter alia*, relief in the form of a buyout for his "*membership interest*". *See, e.g.*, First Amended Complaint, ¶¶ 57, 58, and Prayer for Relief (Doc. 15). Regardless of Plaintiff's pleaded case – whether it is his presently pleaded position that he was expelled, or, as was his initially pleaded position, that he was not in fact expelled – he still has a membership interest in ECPG that needs to be disposed of. Not surprisingly, the parties' agreements have different valuation mechanisms depending on the factual circumstances for expulsion, *i.e.*, whether with or without cause. Because ECPG, a limited liability company, is a "citizen" of all states in which its members reside, Plaintiff's New Jersey residency appears on both sides of the "v" and there is no complete diversity of parties.

---

[3] While these acts may ultimately be the subject of normal course discovery in this or another forum, if the Court would like to see some examples, Defendants can provide same to the Court for *in camera* review.

As to the forum selection clause, subject matter jurisdiction cannot simply be 'created' by way of a contract clause where it does not otherwise exist. New York State Supreme Court is also an agreed forum to hear the dispute and would be appropriate here.

### Outstanding or Contemplated Motions

Defendants have filed a motion to dismiss under Rules 12(b)(1) and 12(b)(6). That motion is pending before Your Honor.

The parties anticipate filing motions for summary judgment upon the close of discovery.

### Contemplated Discovery and Settlement Discussions

No discovery has taken place. No substantive settlement discussions have occurred.

The parties may request a referral to Magistrate Judge Moses for a settlement conference after substantial written discovery has taken place.

### Length of Trial

Plaintiff presently estimates that trial would take four days, pending the resolution of any issues by motion or stipulation prior to trial. Defendants estimate trial would take between eight to ten days.

### Additional Issues

Because discovery will likely include personal and confidential financial information, the parties anticipate submitting a stipulated protective order for approval by the Court.

The parties welcome any guidance from the Court regarding the timing or sequence of discovery. The parties do not wish to meet in person with the Court at this time due to the ongoing circumstances but welcome a telephonic Rule 16 conference if Your Honor prefers a conference.

Sincerely yours,
/s/ Michael D. Steger
Michael D. Steger

The Court will hold an initial status conference by telephone on Friday, June 26, 2020 at 10:30 a.m. The parties shall use the following dial-in information for that conference:

Call-in Number: (888) 363-4749
Access Code: 1015508

The parties are advised that this is line is available to the press and public, and no recording is allowed.

cc: Trevor M. Gomberg (via ECF)

SO ORDERED.

_____
Ronnie Abrams, U.S.D.J.
June 16, 2020

4