UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

VINCENT PALMIERI,

                         Plaintiff,

  - against -

EAST COAST POWER & GAS, LLC,
ANTHONY MILANESE, JOHN KNIEF
and DOES 1 through 10,

                        Defendants.

Case 1:20-cv-02663 (RA)

---

## STIPULATED PROTECTIVE ORDER

---

The Honorable Ronnie Abrams, United States District Judge:

    WHEREAS, Defendants' motion to dismiss the First Amended Complaint is *sub judice*;

    WHEREAS, the Court has directed the parties to proceed with discovery; and

    WHEREAS, the parties anticipate documents being produced in discovery that they believe contain confidential information and merit the protection of a Protective Order;

    IT IS HEREBY ORDERED by the Court that:

    1.    This Stipulated Protective Order (the "Order") shall govern the production and exchange of all information produced, given or exchanged by and among all parties, or received from third parties, in the above-captioned action (the "Action"), including all deposition testimony, testimony taken at a hearing or other proceeding, interrogatory answers, documents

and all other discovery materials and all examinations before trial, whether produced informally or in response to requests for discovery (collectively, "Litigation Materials").

2. Each party shall use the Litigation Materials and the information therein solely for the purpose of preparing for and conducting this Action (including any appellate proceedings in the Action).  The Litigation Materials shall not be disclosed or used for any other purpose, including without limitation for purposes of any other litigation or any business, commercial, or competitive pursuits, without Order of this Court or consent of the parties.

3. Any inadvertent or mistaken production of Litigation Materials shall be without prejudice to any claim that such material is subject to the attorney-client privilege, the work-product doctrine, or any other privilege or protection from disclosure, and shall not operate to waive such privilege or protection from disclosure.  Within fifteen (15) days of learning that a document subject to the attorney-client privilege, the work product doctrine, or other privilege or protection has been mistakenly produced, the party that produced or disclosed the material (the "Producing Party") shall notify counsel for the party(ies) to whom the privileged or protected Litigation Materials were produced or disclosed (the "Receiving Party"), in writing, of the fact of inadvertent disclosure and the date inadvertent disclosure was first discovered.  If a claim of inadvertent or mistaken disclosure is made pursuant to this paragraph, the Receiving Parties shall promptly return (or, as necessary, delete) that material and all copies thereof.  The Receiving Party shall not use such material for any purpose.  If, during review, the Receiving Party discovers any materials that may constitute or contain materials subject to attorney-client privilege, work product doctrine, or other privilege or protection of the Producing Party, the Receiving Party shall immediately stop reviewing the materials, take reasonable steps to

segregate the materials, notify the Producing Party of the potential inadvertent disclosure, and handle such materials in accordance with this paragraph.

4. The return or deletion of the Litigation Materials in accordance with Paragraph 3 shall be without prejudice to the Receiving Party's right to challenge the claim of privilege with respect to the returned or deleted Litigation Materials. However, the motion or other challenge shall not assert, as a ground for producing such material, the fact or circumstance of the inadvertent production.

5. Counsel for any party subject to discovery in the Action may designate any Litigation Materials that it produces or discloses in the course of the Action as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER when the Producing Party in good faith believes that the Litigation Materials constitute, contain, or reveal, or a compilation of which would constitute, contain, or reveal, confidential, non-public business information, including but not limited to: business plans or projections, compensation, proprietary information, technical specifications, business and marketing information, plans, studies or analysis by internal or outside experts, or other commercially or personally sensitive or proprietary information.

6. Counsel for any Producing Party may designate any Litigation Materials that it produces or discloses in the course of the Action as CONFIDENTIAL – ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER when the Producing Party in good faith believes that the Litigation Materials constitute, contain, or reveal, or a compilation of which would constitute, contain, or reveal, highly competitively sensitive business, strategies, technical or financial data or results, tax data, assets, liabilities, competitive analyses, personal financial

information, or other financial information or otherwise disclose trade secrets, or current research and development information.

7.   A Producing Party may designate Litigation materials CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or CONFIDENTIAL – ATTORNEY'S EYES ONLY by:

   a. advising the other party in writing of such designation prior to or concurrently with the production or disclosure of the Litigation Materials to the other party; or

   b. stamping or otherwise marking Litigation Materials with the legend "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER," in a manner that will not interfere with their legibility and that does not cover any text or content of a document.

8.   A Producing Party may not designate Litigation Materials as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or CONFIDENTIAL – ATTORNEY'S EYES ONLY if such Litigation Materials consist entirely of information known to the Producing Party to be publicly available information.

9.   A Producing Party may designate deposition or other testimony, or a portion thereof, CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or CONFIDENTIAL – ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER by:

   a. Stating orally on the record of the deposition that certain information or testimony is CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or

        CONFIDENTIAL – ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER; or

    b.  Sending written notice to counsel for all parties to the Action within fifteen (15) days after receipt of the deposition transcript, designating all or a portion of the transcript as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or CONFIDENTIAL – ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER.  Until expiration of this fifteen (15) day period, all deposition testimony and transcripts of the same shall be treated as CONFIDENTIAL – ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER.

10.    Inadvertent failure to designate Litigation Materials as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or CONFIDENTIAL – ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER shall not constitute a waiver of such claim and may be corrected by retroactive designation.  The Producing Party may within fifteen (15) days of discovery of the inadvertent failure to designate, designate the material as CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER or CONFIDENTIAL – ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER by notice to counsel for all parties to the Action, in writing, specifically identifying the Litigation Materials or portions thereof to receive such designation.  The Producing Party making such a retroactive designation shall also produce such Litigation Materials bearing the appropriate designations to the Receiving Party.  Such retroactive designation shall constitute a representation that the failure to designate was in fact inadvertent.  A Receiving Party who has disclosed Litigation Materials which are subsequently

designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or CONFIDENTIAL – ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER shall in good faith assist the Producing Party in retrieving the material from all recipients not entitled to receive such Litigation Materials under the terms of this Order, and shall in good faith prevent further disclosures except as authorized by this Order.

      11.    To the extent that any Producing Party discloses or produces Litigation Materials in this Action that contain the confidential information of another party, such other party may designate the information CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or CONFIDENTIAL – ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER by providing written notice to all parties who received the documents or information within twenty-one (21) days after the disclosure.  The Producing Party shall in good faith assist the party designating the information as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or CONFIDENTIAL – ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER in retrieving the material from all recipients not entitled to receive such Litigation Materials under the terms of this Order, and shall in good faith prevent further disclosures except as authorized by this Order.

      12.    Litigation Materials designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER shall not be disclosed by the Receiving Party to persons other than:

      a.    The parties to this Action, including their current members, officers, directors, partners, representatives, attorneys, in-house counsel, or employees with whom counsel reasonably determines it is necessary to confer about CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER information for the purposes of this Action;

      b.    Counsel to the parties, including co-counsel of record, in-house counsel to the parties, partners, associates, legal assistants, and clerical or other support staff

    who are employed by counsel or are working under the express direction of counsel;

   c. Clerical and data processing personnel who are not regularly employed by the parties or their counsel, but are involved in the production, reproduction, organizing, filing, coding, cataloging, converting, storing, retrieving, and/or review of Litigation Materials, to the extent reasonably necessary to assist a party or its counsel in this action, provided that before receiving CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER Litigation Materials, such personnel is made aware of and agrees to be bound by the terms of this Order, either through execution of an Acknowledgement in the form of Attachment A hereto, or through its agreement with the party requesting its services;

   d. This Court, any court exercising appellate jurisdiction with respect to the determinations of this Court, and any other court or person appointed by the Court to address an issue related directly to discovery in this Action;

   e. Any person who is indicated on the face of a document to have been an author, addressee, or copy recipient thereof;

   f. Court reporters, stenographers, and videographers employed for the purpose of transcribing and/or recording testimony or argument at any hearing, trial or deposition in the Action (including any appeals);

   g. Any mediator or arbitrator engaged by the parties in connection with the action;

   h. A witness at a deposition and their counsel, to the extent disclosure is reasonably necessary in connection with his/her testimony, provided that before receiving or being advised of the contents of CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER Litigation Materials, such witness shall agree to be bound by this Order, and execute an Acknowledgement in the form of Attachment A hereto;

   i. Experts or consultants retained in connection with this Action who first agree to be bound by this Order, and execute an Acknowledgment Form to that effect; and

   j. Any other person upon Order of the Court or upon stipulation of the Producing Party.

13. Litigation Materials designated CONFIDENTIAL – ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER may be viewed only by the receiving attorneys of record signing this Order, including the co-counsel of record, in-house counsel of the parties,

partners, associates, legal assistants, and clerical or other support staff who are employed by or working under the express direction of counsel.  Litigation Materials so designated may not be disclosed to any other person by the receiving attorney, including but not limited to their client (except for its in-house counsel), unless pursuant to the written stipulation of the Producing Party or a Court Order.  Notwithstanding the above, Litigation Materials so designated may be disclosed by the Receiving Party to the following persons:

    a. Clerical and data processing personnel who are not regularly employed by the parties or their counsel, but are involved in the production, reproduction, organizing, filing, coding, cataloging, converting, storing, retrieving, and/or review of Litigation Materials, to the extent reasonably necessary to assist a party or its counsel in this action, provided that before receiving CONFIDENTIAL – ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER Litigation Materials, such personnel is made aware of and agrees to be bound by the terms of this Order, either through execution of an Acknowledgement in the form of Attachment A hereto, or through its agreement with the party requesting its services;

    b. Any person who is indicated on the face of a document to have been an author, addressee, or copy recipient thereof;

    c. Court reporters, stenographers, and videographers employed for the purpose of transcribing and/or recording testimony or argument at any hearing, trial or deposition in the Action (including any appeals);

    d. Any mediator or arbitrator engaged by the parties in connection with the action;

    e. Experts or consultants retained in connection with this Action who first agree to be bound by this Order, and execute an Acknowledgment Form to that effect; and

    f. Any other person upon Order of the Court or upon stipulation of the Producing Party.

14. Any executed Acknowledgments of persons agreeing to be bound by this protective order shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by any party.

15. Persons authorized to receive CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or CONFIDENTIAL – ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER pursuant to the terms of this Order may make copies of documents, discovery responses, or other Litigation Materials designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or CONFIDENTIAL – ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER as reasonably necessary in connection with this Action without the permission of the Producing Party or an Order of the Court, provided that such copies are also treated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or CONFIDENTIAL – ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER.

16. In the event the Producing Party discloses two or more identical copies of a document of which at least one copy is designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or CONFIDENTIAL – ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER and at least one copy is not so designated, once such a discrepancy is actually discovered by the Receiving Party, all copies of the document shall be treated as being subject to the most restrictive designation applicable to such document.

17. If any party objects to the designation of any discovery materials as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or CONFIDENTIAL – ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER, the party shall state the objection by letter to counsel for the Producing Party. If the Producing Party refuses to withdraw the designation, or if resolution is not achieved within twenty-one (21) days after receipt of such objection, then the Producing Party shall bear the burden of demonstrating to the Court that such discovery materials are appropriately designated. Until this Court rules on any such motion, the

discovery materials shall continue to be treated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or CONFIDENTIAL – ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER, accordingly.

18. If any party files documents with the Court that include Litigation Materials designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or CONFIDENTIAL – ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER filed under seal and/or in redacted form, such filing party shall, as soon as reasonably practicable after such filing, serve by email on opposing counsel the complete, unredacted version of such documents filed under seal and/or in redacted form.

19. The parties agree that the designation of any Litigation Materials as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or CONFIDENTIAL – ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER is not intended to be, and shall not be construed as, an admission that the Litigation Materials are relevant, admissible, not subject to an applicable privilege or protection, reasonably calculated to lead to the discovery of admissible evidence, or any evidence that the content of such Litigation Materials constitutes confidential, proprietary, or trade secret information.

20. Any Litigation Materials designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or CONFIDENTIAL – ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER submitted to the Court, including those Litigation Materials used as exhibits to or incorporated in briefs, memoranda, transcripts or testimony, or any other documents filed with the Court, shall be protected as follows:

a. <u>Materials Filed</u>.  The filing or submission of any Litigation Materials with or to the Court which constitute, contain, or reveal CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or CONFIDENTIAL – ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER information shall be filed pursuant to Part 5.A of the Court's Individual Practices, as well as the Provisions of this Court's Local Rules and the Court's Electronic Case Filing Procedures with, if applicable, the following stated conspicuously thereon: "Filed Under Seal, Contains Information Subject to Protective Order."  All Litigation Materials filed in this manner shall be maintained by the Clerk of Court under seal and shall be released only upon further Order of the Court.  To the extent the parties agree to redactions of Litigation Materials designated hereunder (i.e., under the Court's Privacy Policy) in lieu of sealing, the filing of same shall not constitute a waiver of the Producing Party's designations of such Litigation Materials.

b. <u>Hearings</u>.  At any hearing or other proceeding before the Court, counsel shall in good faith attempt to avoid inadvertently disclosing any CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or CONFIDENTIAL – ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER Litigation Materials.  If Counsel believes it is necessary to disclose said materials during a hearing, counsel shall first confer with counsel and request the Court's guidance as to an appropriate method to preserve the confidentiality of the Litigation Materials.

c. <u>Appeal</u>.  In connection with any appeal in this Action, all Litigation Materials designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or

CONFIDENTIAL – ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER shall be subject to the provisions of this Order, and shall be filed with the United States Court of Appeals and/or the United States Supreme Court under seal and in accordance with the applicable rules of those courts.

d. If the Court denies any party's motion to file Litigation Materials under seal or otherwise rejects a party's designation of Litigation Materials as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or CONFIDENTIAL – ATTORNEY'S EYES ONLY, the party seeking to file or otherwise submit such Litigation Materials, and such filing or submission shall not be a violation of this Order.

21. The parties acknowledge that any attempts to file Litigation Materials under seal or in redacted form, such filings must comply with Part 5.A of the Court's Individual Practices.

22. Nothing in this Order shall preclude a party from seeking, by written agreement of the signatories hereto or Court Order, further, greater, or lesser protection with respect to Litigation Materials than is provided for in this Order, or other modification of the Order.

23. This Order may be applicable to Litigation Materials provided by any non-party from whom discovery is sought in this Action.  Such non-party may obtain the protections of the Order by giving written notice to the parties that its provision of Litigation Materials is subject to the Order.  To the extent that any non-party produces Litigation Materials in this Action that contain confidential information of a party to this Action, that party may designate the information CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or CONFIDENTIAL – ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER by providing written

notice to all parties who received the Litigation Materials within twenty-one (21) days after the disclosure. Until the expiration of the twenty-one day period, all documents and information produced by a non-party shall be treated as CONFIDENTIAL – ATTORNEY'S EYES ONLY.

24. Nothing in this Order shall be construed as a waiver of a party's right to object to any discovery request on any grounds and to object to the admission on any grounds of any Litigation Materials as evidence at any trial or hearing. Nothing contained herein shall constitute a waiver by any party of the right to object to the designation of Litigation Materials as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or CONFIDENTIAL – ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER.

25. Nothing in this Order shall be construed to limit in any way a party's use of its own CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or CONFIDENTIAL – ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER Litigation Materials, including disclosure of such materials.

26. If, in connection with any judicial, administrative, or legislative proceedings, any party (or its counsel) receives a subpoena or other compulsory process demanding documents, information or other material designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or CONFIDENTIAL – ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER pursuant to this Order, that party or counsel shall give notice to the Producing Party at least fifteen (15) days prior to the return date of the subpoena or other compulsory process, unless otherwise prohibited by law or court order. If the subpoena or other compulsory process has a return date of less than fifteen (15) days, notice shall be given to the Producing Party (or designating party) in writing or by telephone as soon as practicable unless otherwise prohibited

by law.  If application for protective order is made before the time set forth in the subpoena or other compulsory process for compliance therewith, the subpoenaed party shall not produce the CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or CONFIDENTIAL -- ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER Litigation Materials absent consent of the Producing Party, unless required to do so by applicable law or by court order.

27. Disclosure of CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or CONFIDENTIAL – ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER Litigation Materials by any person or in any manner not permitted by this Order shall not result in a waiver of or otherwise limit the right of a party or non-party to enforce the provisions of this Order.

28. The terms of this Order shall, absent written agreement of the parties or Court Order, remain in full force and effect throughout and after the final resolution of the Action, including until all appeals involving the Action have been exhausted, or the time to appeal in the Action has expired ("Final Resolution").  Upon Final Resolution and no later than sixty (60) days after the Producing Party's request, counsel shall use commercially reasonable efforts to either destroy or return all copies of CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or CONFIDENTIAL – ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER Litigation Materials (including excerpts and summaries thereof) to counsel for the Producing Party, and shall certify that such destruction or return has been completed.  Notwithstanding the foregoing, counsel may retain copies of court filings, official transcripts, exhibits, correspondence, e-mails, and documents reflecting any work product, provided that any

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or CONFIDENTIAL – ATTORNEY'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER information therein shall continue to be treated as such, as provided for in this Order.

29. The parties agree to be bound by the terms of the Order upon signing by counsel for each of the parties. Violation of its terms shall be subject to such sanctions, penalties or other relief as may be determined by the Court. Additionally, the parties acknowledge and agree that any breach of the provisions of this Order will cause irreparable injury to the non-breaching party, and that money damages for the breach will not provide adequate remedy. As such, if any party hereto breaches, or threatens to breach, any of the provisions of this Order, the parties shall have the right and remedy, in addition to and not in lieu of any other available remedies, to have the Order specifically enforced, including without limitations, the right to restraining orders and injunctions, preliminary and permanent.

SO STIPULATED:

Dated: October 6, 2020

By: */s/ Michael D. Steger*       */s/ Trevor M. Gomberg*
Michael D. Steger      Levitt LLP
Law Offices of Michael D. Steger, PC      By:  Trevor M. Gomberg
30 Ramland Road, Suite 201      129 Front Street
Orangeburg, NY 10962      Mineola, NY 11501
(845) 359-4600      (516) 248-9700
(845) 638-2707 (fax)      (516) 741-9224 (fax)
msteger@steger-law.com      tgomberg@levittlawllp.com
*Attorney for Plaintiff*      *Attorney for Defendants*


SO ORDERED this __14__ day of __October__, 2020.

                                                  BY THE COURT:

                                                  _____

Application granted.  Any party seeking to file documents under seal or in redacted form shall comply with Rule 5A of this Court's Individual Rules & Practices in Civil Cases.
SO ORDERED.

                                                  The Honorable Ronnie Abrams
                                                  United States District Judge

_____
Ronnie Abrams, U.S.D.J.
October 14, 2020

[ATTACHMENT A]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VINCENT PALMIERI,<br><br>                            Plaintiff,<br><br>- against -<br><br>EAST COAST POWER & GAS, LLC,<br>ANTHONY MILANESE, JOHN KNIEF<br>and DOES 1 through 10,<br><br>                            Defendants. | Case 1:20-cv-02663 (RA) |

**ACKNOWLEDGEMENT TO STIPULATED PROTECTIVE ORDER**

      I have read the Stipulated Protective Order (the "Order") in the above-captioned action.  I understand its terms, and I understand that I must limit disclosure of Litigation Materials and information designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER as described in the Order.  I agree to be fully bound by the Order, and I hereby submit to the jurisdiction of the United States District Court for the Southern District of New York for the purposes of enforcement of the Order.

      I declare under penalty of perjury that the foregoing is true and correct.

DATED _____          _____

                                                                                        Printed Name: _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VINCENT PALMIERI,

                Plaintiff,

- against -

EAST COAST POWER & GAS, LLC,
ANTHONY MILANESE, JOHN KNIEF
and DOES 1 through 10,

                Defendants.

Case 1:20-cv-02663 (RA)

**FEDERAL RULE OF EVIDENCE 502(d) ORDER**

The Honorable Ronnie Abrams, United States District Judge:

      1.      The production of privileged or work-product protected documents, electronically stored information ("ESI") or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

      2.      Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

      **SO ORDERED.**

Dated: New York, New York
       October, 14 2020

                                                The Honorable Ronnie Abrams
                                                United States District Judge