

STEVEN L. LEVITT
KAREN L. WEISS

———————

Of Counsel
ROSE LEVITT

MICHAEL D. SCHIMEK‡

———————

IRENE TENEDIOS*
TREVOR M. GOMBERG* †
MATTHEW I. KOOPERSMITH
\* Also Admitted In New Jersey
† Also Admitted In D.C. and Florida
‡ Also Admitted in Texas

Of Counsel
HON. EDWIN KASSOFF
Presiding Justice, Appellate Term
NYS Supreme Court, Retired
(1924-2015)

-----------------
Law Clerk
Michael R. Seidon, JD

October 26, 2020

**VIA ECF**

The Honorable Ronnie Abrams
United States District Court
Southern District of New York
40 Foley Square, Room 2203
New York, New York 10007

This case has been referred by separate order to Magistrate Judge Moses for general pretrial purposes. The issues raised in this letter shall thus be addressed to Judge Moses. SO ORDERED.

Ronnie Abrams, U.S.D.J.
October 27, 2020

> **Re:** *East Coast Power & Gas et al. adv. Palmieri*
> <u>**Southern District of New York Case No.: 1:20-cv-02663-RA**</u>

Your Honor:

This firm is counsel to East Coast Power & Gas, LLC ("ECPG"), John Knief, and Anthony Milanese, the Defendants in the above referenced matter pending before Your Honor. Pursuant to Local Civil Rule 37.2 and Your Honor's Individual Rule 3, having engaged unsuccessfully in the meet-and-confer process, Defendants respectfully seek a telephonic pre-motion conference at Your Honor's nearest convenience regarding 2 discrete discovery disputes, *the first of which is time-sensitive*.

<u>By way of brief case background</u>, Plaintiff's pleaded case is that this is a 'simple' claim of non-payment of allegedly due compensation, and payment for his unredeemed Membership Interest in ECPG. First Amended Complaint (Doc. 15, para. 1) ("*This case involves a company firing a longtime executive without causing* [sic] *after failing to pay his agreed salary for years, and then trying to enforce noncompete and nonsolicitation agreements that were expressly premised on payment of the executive's salary.*").[1] As with the compensation, the Complaint alleges the valuation of the Membership Interest is set by contract, depending on whether or not termination was for cause or without cause, namely, (1) the price Plaintiff paid for such interest; or (2) a percentage of ECPG's top line gross revenue. First Amended Complaint, paras. 20-21.

---

[1] Pending before this Court is Defendants' Motion to Dismiss the First Amended Complaint (the "Motion") based on, *inter alia*, lack of complete diversity of parties (moving papers filed at Docs. 22-24; opposition filed at Docs. 26-28; reply filed at Doc. 29). The Motion also raised that Plaintiff's unpleaded 'alter ego' claim – based solely on a conclusory recitation of some elements of such a claim – falls far short of the dictates of *Iqbal* and *Twombly*. Although issue is not joined, Defendants' anticipated case – whether litigated in this Court or in New York State Supreme Court – is that Plaintiff, while an executive of ECPG, engaged in extensive acts of fraud and other malfeasance causing the demise of ECPG, a company which had annual revenues of some $350 million.



The Honorable Ronnie Abrams
October 26, 2020
Page 2

The two discovery issues are as follows:

1. ***Plaintiff's Issuance of Subpoenas to ECPG's Two Accounting Firms Seeking Irrelevant Documents and Containing Overly Broad Requests.***

***Requested Relief***:  Defendants seek leave to move to quash and for a protective order as to two substantively identical documents subpoenas issued on Defendants' accounting firms (the "Subpoenas") (copies filed herewith as **Exhibit "A"** (AVM DeMars) and **Exhibit "B"** (Bonadio Group).  Because we are informed the Subpoenas were served just last week, and are returnable in under 2 weeks on <u>November 6, 2020</u>, and one of the non-parties is not under Defendants' control, we respectfully seek a pre-motion conference at the Court's earliest opportunity.

***The Subpoenas***:  While not intended to be exhaustive, the objectionable nature of some aspects of the Subpoenas is summarized for brevity below:

| Definition / Request | Summary of Basis for Application |
|---|---|
| "<u>Definitions</u>" – "'**ECPG**' refers to … Defendant East Coast Power & Gas, LLC **including without limitation**, any predecessor, successor, parent, **affiliate**, subsidiary, partnership **or any related entity**…"  (emphasis added). | The Subpoenas broadly define ECPG as including, among other thing, "**affiliates**", *i.e.*, *other companies not named herein which Plaintiff was not an owner of, or even employed by*.  There is no reason why Plaintiff should be entitled to discover, for example, compensation (discussed below) that the other members of ECPG may have received from those other companies, nor has Plaintiff articulated any. |
| <u>Request 4</u> seeks "**[a]ll documents concerning compensation paid or monies transferred by ECPG to Milanese and/or Knief** from **January 1, 2017 to present**". | The request seeks documents which are not relevant to the claims or defenses; and is overbroad in seeking nearly four (4) years of documents with unlimited scope "*all documents concerning*" language. |
| <u>Request 5</u> seeks "**[a]ll documents concerning any capital contributions made by Milanese or Knief** to ECPG from **January 1, 2017 to the present**". | The request seeks documents which are not relevant to the claims or defenses; and is overbroad in seeking nearly four (4) years of documents with unlimited scope "*all documents concerning*" language. |
| <u>Request 6</u> seeks "**[a]ll documents concerning any capital withdrawals made by Milanese or Knief** from ECPG from **January 1, 2017 to the present**". | The request seeks documents which are not relevant to the claims or defenses; and is overbroad in seeking nearly four (4) years of documents with unlimited scope "*all documents concerning*" language. |
| <u>Request 8</u> seeks "**[a]ll documents concerning any loans made by ECPG to Milanese and/or Knief** from **January 1, 2017 to the present**". | The request seeks documents which are not relevant to the claims or defenses; and is overbroad in seeking nearly four (4) years of documents with unlimited scope "*all documents concerning*" language. |



As set forth above, the Subpoenas are inherently overbroad, comprised of "*all documents concerning*" language and seeking four (4) years of irrelevant documents – extending to multiple forms of financial documents and the accountants' internal work papers, for multiple business entities which never employed the Plaintiff. Plaintiff is not entitled to such "fishing expedition", post-judgment type discovery. *See, Great Amer. Ins. Co. v. TA Operating Corp.*, 06-cv-13230, 2008 WL 1848946, *8 (S.D.N.Y. 2008) (Francis, J.) (finding 'alter ego' type discovery based on "unsupported assertion[s]" constituted an improper "fishing expedition", and in any event were "not tailored to that end and do not describe the documents to be searched with 'with reasonable particularity.'"). While we contend these requests are likewise improper in party discovery, "non-party discovery require[s] a **stronger showing of relevance** than for party discovery." *Zukoski v. Phila. Elec. Co.*, 93-CV-4780, 1994 WL 637345, *3 (E.D.Pa. 1994) (emphasis added).

2. ***Plaintiff's Refusal to Respond to Interrogatories Permitted under Local Rule 33.3.***

***Requested Relief***: An Order compelling a response to 2 of Defendants' interrogatories:

| Interrogatory | Summary of Basis for Application |
|---|---|
| Interrogatory 1: "Identify the names and full contact information of all customers of East Coast Power & Gas, LLC, who Plaintiff authorized to receive "friends and family", discounted, and/or "zero rate" products and/or services from East Coast Power & Gas, LLC at any time during the course of Plaintiff's employment." | Local Civil Rule 33.3(a) permits interrogatories "*seeking names of witnesses with knowledge of information relevant to the subject matter of the action*". The identities of customers to whom Plaintiff has provided goods and services of ECPG at a discounted price or free of charge is within the scope of permitted discovery under the Local Rules and also relevant to Defendants' anticipated claims and/or defenses – should this action continue in this Court – including, but not limited to, a counterclaim sounding in conversion. |
| Interrogatory 3: "Identify the passcode for the iPhone turned in by Plaintiff to East Coast Power & Gas, LLC." | Local Civil Rule 33.3(b) also permits interrogatories "*if they are a more practical method of obtaining the information sought than a request for production or a deposition*". Defendants' anticipated case is based on fraud and other malfeasance perpetrated by Plaintiff while an executive of ECPG. The passcode will allow ECPG to discover documents (or the absence of documents) on a locked iPhone already in ECPG's possession that will be relevant to Defendants' anticipated case, and a more practical method than another form of discovery. |

For the foregoing reasons, Defendants respectfully request that the Court grant the pre-motion conference at its earliest opportunity. We thank the Court for its time and courtesies.

Very truly yours,

**LEVITT LLP**
By: */s/ Trevor M. Gomberg*
Trevor M. Gomberg, Esq.

cc:    Counsel of Record (via ECF)

# Exhibit A

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

| | | |
|---|---|---|
| VINCENT PALMIERI | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:20-cv-02663-RA |
| EAST COAST POWER & GAS, LLC, | ) | |
| ANTHONY MILANESE, JOHN KNIEF, et al. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: AVM DeMars CPAs LLP, Attn: Louis DeMars
275 Hillside Ave. Suite 100, Williston Park, NY 11596

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A

| Place: Law Offices of Michael D. Steger, PC<br>30 Ramland Road, Suite 201<br>Orangeburg, NY 10962 | Date and Time:<br><br>11/06/2020 11:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/06/2020

*CLERK OF COURT*

OR _____

_____       _____
*Signature of Clerk or Deputy Clerk*                           *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Plaintiff VINCENT PALMIERI _____ , who issues or requests this subpoena, are:

Michael D. Steger, Law Offices of Michael D. Steger, PC, 30 Ramland Road, Suite 201, Orangeburg, NY 10962
msteger@steger-law.com  (845) 359-4600 ( 845) 638-2707 (fax)

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:20-cv-02663-RA

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

□ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

□ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# ATTACHMENT A

## REQUEST FOR PRODUCTION OF DOCUMENTS

## INSTRUCTIONS

The subpoena commands you to produce all documents and/or electronically stored information within your possession, custody or control, including documents within the possession, custody or control of any agent, attorney or other representative of you, and permit their inspection and/or copying.

In the event any document requested is withheld on the basis of a claim of privilege, please identify the author of the document, the date of the document, the name of each person who received the document, the name, address, email address and phone number of to whom the content of the documents have been communicated, a brief description of the document and the statute, rule or decision that is claim to give rise to the privilege.

If for reasons other than a claim of privilege, you refused to produce any document requested herein, please state the ground upon which the refusal is based with sufficient specificity to permit a determination of the property upset refusal.

## **DEFINITIONS**

A. "You" refers to the party receiving this subpoena and any persons or entities acting on its behalf.

B. "ECPG" refers to Defendant East Coast Power & Gas, LLC, and its respective officers, directors, members, managers, principals, agents, employees or representatives and all persons acting on behalf of each for any purpose, including without limitation, any predecessor, successor, parents, affiliate, subsidiary, partnership or related entity, and any officers, employees, servants, agents or representatives of, and any and all persons acting on behalf of any such predecessor, successor, parent, affiliate, subsidiary, partnership or related entity.

C. "Palmieri" means Plaintiff Vincent Palmieri.

D. The terms "documents" or "all documents" are used herein, these terms are meant to include all documents available to You and further to include, without limitation, any written, recorded, graphic, or printed matter, in whatever form, whether printed and/or produced by hand or any other process, specifically including (1) all originals, copies or drafts, and (2) originals, copies or drafts on which appear any notes or writings placed thereon after the document was first printed, typed, recorded, or made into graphic matter, however produced or reproduced, in your actual or constructive possession, including, without limitation, any letters, telegrams, memoranda, writings, circulars, monographs, bulletins, manuals, speeches, audio and video tapes, drawings, blueprints, recordings, computer disks or tapes, computer electronic or optical memory devices in readable form, computer printouts, computer electronic messages, notes, correspondence, communications of any nature, summaries of records of conversations or conferences, information which can be

1

retrieved by any process, test and/or analysis, reports and data sheets, specifications, sketches, minutes or reports and/or summaries or interviews, reports and/or summaries of investigations, opinions or reports of consultants, agreements and contracts, brochures, pamphlets, advertisements, letters to the trade, and including any tangible things within the scope of Federal Rule of Civil Procedure Rule 34(a)(1).

E.  The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

F.  In accordance with the Local Rules of this Court, the terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside of its scope.

## LIST OF DOCUMENTS REQUESTING

1.  All financial statements prepared for ECPG for the tax years 2017, 2018, 2019 and 2020, including but not limited to any drafts and amended financial statements.

2.  ECPG's federal and New York and New Jersey state tax returns for the tax years 2017, 2018, 2019 and 2020, including but not limited to any schedules thereto and any amended returns.

3.  Documents sufficient to show ECPG's gross revenues for 2019.

4.  All documents concerning compensation paid or monies transferred by ECPG to Milanese and / or Knief from January 1, 2017 to the present, including but not limited to any K-1's.

5.  All documents concerning any capital contributions made by Milanese or Knief to ECPG from January 1, 2017 to the present.

6.  All documents concerning any capital withdrawals made by Milanese or Knief from ECPG from January 1, 2017 to the present.

7.  All documents concerning any loans made by Milanese or Knief to ECPG from January 1, 2017 to the present.

1

8.    All documents concerning any loans made by ECPG to Milanese and / or Knief from January 1, 2017 to the present.

9.    All documents concerning monies owed by ECPG to East Coast Petroleum, Inc. from January 1, 2017 to the present.

10.    All documents concerning monies owed by ECPG to East Coast Mechanical Contracting Corp. from January 1, 2017 to the present.

11.    All documents concerning compensation ECPG paid to Palmieri from January 1, 2016 to the present, including but not limited to any K-1's or W-2's.

12.    All concerning any communications concerning Palmieri from ECPG to you from January 1, 2020 to the present.

# Exhibit B

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

### Southern District of New York

| | | |
|---|---|---|
| VINCENT PALMIERI | ) | |
| *Plaintiff* | ) | Civil Action No. 1:20-cv-02663-RA |
| v. | ) | |
| EAST COAST POWER & GAS, LLC, | ) | |
| ANTHONY MILANESE, JOHN KNIEF, et al. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:      The Bonadio Group, Attn: Jeff Trubia,
         432 N Franklin St Ste 60, Syracuse, NY 13204

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A

| Place: Law Offices of Michael D. Steger, PC 30 Ramland Road, Suite 201 Orangeburg, NY 10962 | Date and Time: 11/06/2020 11:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    10/06/2020

CLERK OF COURT

_____          OR          _____
*Signature of Clerk or Deputy Clerk*                          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____ Plaintiff VINCENT PALMIERI _____ , who issues or requests this subpoena, are:

Michael D. Steger, Law Offices of Michael D. Steger, PC, 30 Ramland Road, Suite 201, Orangeburg, NY 10962 msteger@steger-law.com (845) 359-4600 ( 845) 638-2707 (fax)

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:20-cv-02663-RA

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

    ☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

                                                      on *(date)* _____ ; or

    ☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

    $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

## (c) Place of Compliance.

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

## (d) Protecting a Person Subject to a Subpoena; Enforcement.

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

## (e) Duties in Responding to a Subpoena.

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

## (g) Contempt.
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# ATTACHMENT A

## REQUEST FOR PRODUCTION OF DOCUMENTS

## INSTRUCTIONS

The subpoena commands you to produce all documents and/or electronically stored information within your possession, custody or control, including documents within the possession, custody or control of any agent, attorney or other representative of you, and permit their inspection and/or copying.

In the event any document requested is withheld on the basis of a claim of privilege, please identify the author of the document, the date of the document, the name of each person who received the document, the name, address, email address and phone number of to whom the content of the documents have been communicated, a brief description of the document and the statute, rule or decision that is claim to give rise to the privilege.

If for reasons other than a claim of privilege, you refused to produce any document requested herein, please state the ground upon which the refusal is based with sufficient specificity to permit a determination of the property upset refusal.

## DEFINITIONS

A. "You" refers to the party receiving this subpoena and any persons or entities acting on its behalf.

B. "ECPG" refers to Defendant East Coast Power & Gas, LLC, and its respective officers, directors, members, managers, principals, agents, employees or representatives and all persons acting on behalf of each for any purpose, including without limitation, any predecessor, successor, parents, affiliate, subsidiary, partnership or related entity, and any officers, employees, servants, agents or representatives of, and any and all persons acting on behalf of any such predecessor, successor, parent, affiliate, subsidiary, partnership or related entity.

C. "Palmieri" means Plaintiff Vincent Palmieri.

D. The terms "documents" or "all documents" are used herein, these terms are meant to include all documents available to You and further to include, without limitation, any written, recorded, graphic, or printed matter, in whatever form, whether printed and/or produced by hand or any other process, specifically including (1) all originals, copies or drafts, and (2) originals, copies or drafts on which appear any notes or writings placed thereon after the document was first printed, typed, recorded, or made into graphic matter, however produced or reproduced, in your actual or constructive possession, including, without limitation, any letters, telegrams, memoranda, writings, circulars, monographs, bulletins, manuals, speeches, audio and video tapes, drawings, blueprints, recordings, computer disks or tapes, computer electronic or optical memory devices in readable form, computer printouts, computer electronic messages, notes, correspondence, communications of any nature, summaries of records of conversations or conferences, information which can be

1

retrieved by any process, test and/or analysis, reports and data sheets, specifications, sketches, minutes or reports and/or summaries or interviews, reports and/or summaries of investigations, opinions or reports of consultants, agreements and contracts, brochures, pamphlets, advertisements, letters to the trade, and including any tangible things within the scope of Federal Rule of Civil Procedure Rule 34(a)(1).

E. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

F. In accordance with the Local Rules of this Court, the terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside of its scope.

## LIST OF DOCUMENTS REQUESTING

1.     All financial statements prepared for ECPG for the tax years 2017, 2018, 2019 and 2020, including but not limited to any drafts and amended financial statements.

2.     ECPG's federal and New York and New Jersey state tax returns for the tax years 2017, 2018, 2019 and 2020, including but not limited to any schedules thereto and any amended returns.

3.     Documents sufficient to show ECPG's gross revenues for 2019.

4.     All documents concerning compensation paid or monies transferred by ECPG to Milanese and / or Knief from January 1, 2017 to the present, including but not limited to any K-1's.

5.     All documents concerning any capital contributions made by Milanese or Knief to ECPG from January 1, 2017 to the present.

6.     All documents concerning any capital withdrawals made by Milanese or Knief from ECPG from January 1, 2017 to the present.

7.     All documents concerning any loans made by Milanese or Knief to ECPG from January 1, 2017 to the present.

1

8.     All documents concerning any loans made by ECPG to Milanese and / or Knief from January 1, 2017 to the present.

9.     All documents concerning monies owed by ECPG to East Coast Petroleum, Inc. from January 1, 2017 to the present.

10.     All documents concerning monies owed by ECPG to East Coast Mechanical Contracting Corp. from January 1, 2017 to the present.

11.     All documents concerning compensation ECPG paid to Palmieri from January 1, 2016 to the present, including but not limited to any K-1's or W-2's.

12.     All concerning any communications concerning Palmieri from ECPG to you from January 1, 2020 to the present.