STEVEN L. LEVITT
KAREN L. WEISS
———————
Of Counsel
ROSE LEVITT
MICHAEL D. SCHIMEK‡
———————
IRENE TENEDIOS*
TREVOR M. GOMBERG* †
MATTHEW I. KOOPERSMITH
\* Also Admitted In New Jersey
† Also Admitted In D.C. and Florida
‡ Also Admitted in Texas

**LEVITT** LLP

Of Counsel
HON. EDWIN KASSOFF
Presiding Justice, Appellate Term
NYS Supreme Court, Retired
(1924-2015)
------------------
Law Clerk
Michael R. Seidon, JD

**VIA ECF**                                                November 3, 2020
The Honorable Barbara Moses
United States Magistrate Judge
U.S. District Court, Southern District of New York
500 Pearl Street, Room 740
New York, New York 10007

             **Re:**    *East Coast Power & Gas et al. adv. Palmieri*
                       <u>Southern District of New York Case No.: 1:20-cv-02663-RA</u>

Your Honor:

        This firm is counsel to Defendants East Coast Power & Gas, LLC ("ECPG"), John Knief, and Anthony Milanese in the above action referred to Your Honor for pretrial proceedings.

        This letter is respectfully submitted in further support of Defendants' letter application (Doc. 36), and in reply to Plaintiff's counsel's opposition letter of yesterday's date (Doc. 41). A telephonic hearing is scheduled for this Friday, November 6, 2020 at 10:00am.

        Two discrete issues were presented to the Court for resolution pursuant to Local Civil Rule 37.2:   (1) The impropriety of 2 subpoenas Plaintiff served on ECPG's accounting firms, which are returnable on November 6, 2020; and (2) Plaintiff's deficient interrogatory responses.[1]

        ***The subpoenas.***  Initially, Plaintiff does not dispute (or even address) the subpoenas' substantial overbreath – whether by the Definitions which encompass multiple entities not parties herein, or the demands themselves.  Nine out of twelve of the subpoenas' demands contain unlimited "*all documents concerning*" language, and nearly all of the subpoenas' demands seek at least four years (if not more) of documents.  In short, the subpoenas are of limitless scope and provide no guidance to a non-party for how it may comply.  *See, e.g., Gropper v. David Ellis Real Estate, L.P.*, No. 13–CV–2068 (ALC)(JCF), 2014 WL 518234, at *4 (S.D.N.Y. Feb. 10, 2014) (finding that a "request for 'any and all' documents ... is inherently overbroad").  *Henry v. Morgan's Hotel Grp., Inc.*, No. 15-CV-1789 (ER)(JLC), 2016 WL 303114, at *2 (S.D.N.Y. Jan. 25, 2016) ("The overbreadth of the subpoenas is thus an independent basis to quash them.").

---

[1] Pursuant to Your Honor's Individual Practice Rule 2(b), the undersigned conferred by phone with Plaintiff's counsel Michael Steger, Esq. on October 15, 2020 at 4:00pm for approximately 15 minutes.  On the subject of Plaintiff's subpoenas, I asked Mr. Steger if he would narrow them. He responded he was not willing to do so.  On the subject of interrogatory responses, Mr. Steger stood on his objections and disputed the interrogatories' propriety under Local Civil Rule 33.3.

The subpoenas are improper in other respects. For example, the subpoenas' requests for other members' compensation, capital contributions, and capital withdrawals (subpoena demands 4, 5, and 6) are not only irrelevant to Plaintiff's contractual claims for allegedly unpaid compensation, but are also transparent efforts to 'fish' in support of an unpled 'alter ego' theory founded on baldly pled claim elements in the Complaint (Doc. 15). *See, e.g. Bertini v. Smith & Nephew, Inc.*, No. 13-CV-0079, 2013 WL 6332684, *4 (July 15, 2013) ) ("This is precisely the sort of fishing expedition the Supreme Court sought to avoid in deciding *Twombly* and *Iqbal*") *citing Ali v. Allergan USA,* Inc., No. 12-cv-115, 2012 WL 3692396, at *14 (E.D.Va. Aug. 23, 2012) ("Plaintiffs cannot be permitted to pursue 'extensive discovery' with nothing more than a series of conclusory allegations and an unfounded hope that the process will yield favorable facts [and Fed. R. Civ. P.] Rule 8 ... does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.") *citing Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

By way of further example, tax returns (subpoena demand 2), are shielded under a qualified privilege. *See, e.g.*, *Barkley v. Olympia Mortgage Co.*, 2007 WL 656250, *7 (E.D.N.Y. Feb. 27, 2007) ("[P]laintiffs have not adequately demonstrated a compelling need for the tax returns by establishing that the information contained therein is not otherwise available."). Plaintiff has not made any showing here to warrant tax returns discovery.

Rather than addressing these deficiencies, in a total discovery 'free-for-all', Plaintiff in its opposition seeks to 'back-door' party discovery issues – for which there has been no meet and confer. Plaintiff's positions are unavailing in any event.

As a threshold matter, to the extent Plaintiff contends he is purportedly 'entitled' to the documents sought, Plaintiff cannot have it both ways – that he is a member of the Limited Liability Company ECPG when it comes to obtaining certain financial discovery (destroying complete diversity of citizenship – the subject of Defendants' pending Rule 12 motion), but when it comes to whether the Court has subject matter jurisdiction over the dispute, he is not.

Furthermore, while we do not believe it is productive to address all the red herrings and attorney testimony contained in Plaintiff's letter, to address two categories of documents raised by Plaintiff – and contrary to Plaintiff's contentions based in part on a misreading of ECPG's discovery responses[2] – ECPG intends to produce ECPG financial statements, including gross revenue. ECPG also intends to produce documents evidencing loans from two other entities, East Coast Petroleum, Inc. and East Coast Mechanical Contracting Corp. to ECPG.[3]

The parties have been coordinating an exchange of documents in the case, after the entry of a protective order. To be clear, Plaintiff has produced no documents in the action either.

---

[2] For example, contrary to Plaintiff's statement that ECPG is withholding loan documents with East Coast Mechanical Contracting Corp., ECPG's response to RFP 40 provides that ECPG intends to produce them.

[3] Among other things, Plaintiff has not established entitlement to broad 'alter ego' discovery or the discovery of tax returns, whether by means of party or non-party discovery.

For the foregoing reasons, the Court should respectfully quash the subpoenas and additionally grant a protective order against Plaintiff's future attempts to subpoena these non-parties for similar documents.

***Plaintiff's interrogatory responses.***  Regarding the interrogatory responses, Plaintiff's half-hearted, less than good faith attempt to 'supplement' has not resolved the deficiencies.

As to the first interrogatory at issue (seeking identities of ECPG customers to whom Plaintiff gave free or discounted products), Plaintiff now identifies the name of one such customer, then states, unhelpfully, that "*Plaintiff may have approved other discounts*".

As to the second interrogatory at issue (iPhone passcode) Plaintiff now incredulously takes the position – after having refused to answer the interrogatory altogether – that he "*does not recall the passcode*". This was a phone Plaintiff just turned in to ECPG months ago. Plaintiff has effectively swallowed the key, preventing ECPG's access to potentially crucial information.

For the foregoing reasons, this Court should respectfully compel Plaintiff to provide meaningful responses to the interrogatories.

We thank the Court for its time and consideration.

Very truly yours,

**LEVITT LLP**

By:   */s/ Trevor M. Gomberg*
Trevor M. Gomberg, Esq.

cc:   Counsel of Record (via ECF)