

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VINCENT PALMIERI,

        Plaintiff,

-against-

EAST COAST POWER & GAS, LLC, et al.,

        Defendants.

20-CV-2663 (RA) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

For the reasons stated on the record during the November 6, 2020 discovery conference, it is hereby ORDERED that:

1. No later than **November 13, 2020**, plaintiff shall further supplement his answers to interrogatories No. 1 and 3 (Dkt. No. 43-1 at ECF pages 3-4), and shall sign those answers (and any previously unsworn answers) "under oath," as required by Rule 33(b)(3).

2. In response to Interrogatory No. 1, plaintiff previously stated that he "may have approved other discounts," besides the discount he gave to Ms. Gaudioso, which "may be" reflected in the records of defendant East Coast Power & Gas, LLC (ECPG). In his supplemental response plaintiff shall confirm that he has identified *all* ECPG customers whom he authorized to receive "friends and family" discounted or "zero rate" products and/or services from ECPG, whether or not the requested information is also "reflected in the records" of ECPG. If plaintiff is unable to identify all such customers, after "conducting a diligent inquiry," *Harris v. Bronx Parent Hous. Network, Inc.*, 2020 WL 763740, at *2 (S.D.N.Y. Feb. 14, 2020), "any efforts utilized should be set forth in detail to ensure a sufficient response is interposed." *Id.* (citing *Edebali v. Bankers Standard Ins. Co.*, 2016 WL 4621077, at *2 (E.D.N.Y. Sept. 6, 2016)); *see also Zanowic v. Reno*, No. 97 Civ. 5292, 2000 WL

1376251, at *3 n.1 (S.D.N.Y. Sept. 25, 2000) ("In responding to interrogatories . . . a party is under a duty to make a reasonable inquiry concerning the information sought in the interrogatories, and a party's failure to describe his efforts to obtain the information sought . . . renders his responses insufficient.")

3. Prior to supplementing his answer to Interrogatory No. 3, plaintiff must make a good faith effort to locate the passcode for the iPhone he turned in, including by reviewing any document or database in which he customarily stored passwords. *See Harris*, 2020 WL 763740, at *2; *In re Auction Houses Antitrust Litig.*, 196 F.R.D. 444, 445 (S.D.N.Y. 2000) ("A party served with interrogatories is obliged to respond . . . not only by providing the information it has, but also the information within its control or otherwise obtainable by it."). To the extent he is still unable to produce the passcode, he shall set forth his efforts to locate it "in detail." *Harris*, 2020 WL 763740, at *2. To the extent plaintiff used methods other than a passcode to unlock the iPhone (*e.g.*, "touch ID" or "face ID"), he shall identify all such methods.

4. The Court having concluded that the parties' dispute as to the subpoenas that plaintiff served on defendant's accounting firms pursuant to Rule 45 (Dkt. Nos. 36-1 and 36-2) is secondary to their dispute as to the appropriate scope of party document discovery pursuant to Rule 34 (*see* Dkt. No. 41-3), the parties are directed to promptly meet and confer in an attempt to resolve defendants' objections to both the Rule 34 requests for production and the Rule 45 subpoenas.

5. Judge Moses will conduct a further discovery conference on **November 24, 2020 at 10:00 a.m.** to consider any remaining document production disputes. In advance of the conference, and no later than **November 19, 2020**, the parties shall file a joint letter, no longer than six pages in the aggregate, informing the Court as to what

disputes remain following the meet and confer process, and briefly outlining each parties' respective position. If the parties require judicial assistance in resolving document production disputes arising out of the document requests that defendants served on plaintiff, they may, after meeting and conferring in good faith, include those issues in the joint letter as well.

6. The deadline to respond to the subpoenas served on ECPG's accounting firms is hereby EXTENDED to a date to that shall be determined at or after the November 24 conference.

7. The deadline to complete all fact discovery, including fact depositions, is EXTENDED to **February 26, 2021**.

8. The deadline to complete all expert discovery, including expert depositions, is EXTENDED to **April 30, 2021**.

Dated: New York, New York
November 6, 2020

**SO ORDERED**.

**BARBARA MOSES**
**United States Magistrate Judge**