UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VINCENT PALMIERI,

    Plaintiff,

-against-

EAST COAST POWER & GAS, LLC, et al.,

    Defendants.

20-CV-2663 (RA) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

    By letter-motion dated July 9, 2021 (Dkt. No. 77), attorneys Steven L. Levitt, Trevor M. Gomberg, Irene Tenedios, and Matthew I. Koopersmith, all associated with the law firm Levitt LLP (collectively the Firm) have moved pursuant to Local Civil Rule 1.4 (i) for leave to withdraw as counsel for defendants and counterclaimants East Coast Power and Gas LLC, John Knief, and Anthony Milanese (collectively, Defendants) and (ii) for both an "interim" and a "temporary" stay of various deadlines, including Defendants' deadline to respond to plaintiff Vincent Palmieri's motion to dismiss their Amended Counterclaims, which was recently extended to July 14, 2021, at Defendants' request (Dkt. No. 76), and the parties' deadline to complete fact discovery, which was recently extended to July 30, 2021, at the parties' joint request. (Dkt. No. 68.) The Firm has represented all three Defendants since the inception of this case. One month ago, on June 9, 2021, attorney Levitt electronically signed their Amended Counterclaims. (Dkt. No. 71.)

    The withdrawal application is supported by attorney Levitt's affidavit (Levitt Aff.) (Dkt. No. 77-1), which states in general terms (1) that an "irreconcilable conflict" has arisen between the Firm and its clients, the nature of which Levitt "is not at liberty to disclose," Levitt Decl. ¶¶ 3, 5; and (2) that "there has been a breakdown rendering it unreasonably difficult for the Firm to further represent Defendants' interests in this matter." *Id*. ¶ 4. No further information is

provided on the public docket, although the Firm offers to submit further supporting materials *in camera*. *Id*. at 2 n.1.

At least one of the Defendants appears to have retained counsel other than the Firm, *see* Levitt Decl. ¶ 3; however, the withdrawal papers do not identify substitute counsel for any of the Defendants. Instead, the Firm proposes that Defendants be provided with 45-60 days to retain new counsel, and that, in the interim, the Court stay the upcoming deadlines for Defendants to respond to the motion to dismiss their Amended Counterclaims and for the parties to complete fact discovery. *Id*. ¶¶ 7, 15. The Firm is not seeking a charging or retaining lien. *Id*. ¶ 18.

The Court cannot grant a withdrawal application – particularly an application filed just before two significant pretrial deadlines – absent more information concerning the reasons for and timing of the request. Consequently, it is hereby ORDERED that:

1. The moving attorneys shall promptly serve a copy of this Order upon their clients, and shall file proof of same on ECF.

2. No later than **July 16, 2021**, the moving attorneys shall file one or more supplemental affidavits or declarations addressing the following issues:

    (a) the nature of the conflict and what makes it "irreconcilable" and/or unwaivable, such that the Firm can no longer represent any of the Defendants;

    (b) the nature of the "breakdown" between attorney and client(s);

    (c) the reason(s) these issues could not have been raised sooner;

    (d) the reason(s) Defendants need 45-60 days to retain new counsel and for counsel to become familiar with this case.

    The moving a attorneys may also address any other issues they believe pertinent

to the pending motion. They shall attach properly authenticated copies of their engagement letter(s) with Defendants, as well as any other agreements or communications between them and their clients regarding potential or actual conflicts of interest.

3. If the moving attorneys believe that the materials required by ¶ 2 above cannot be disclosed to the public or to Plaintiff without revealing confidential matters protected by the attorney-client privilege or the work product doctrine, **they may file the required materials under seal, choosing the "Ex Parte" viewing level**, which restricts access to "the attorney(s) appearing for the filing party and court personnel." *See* SDNY Electronic Case Filing Rules & Instructions (available at https://nysd.uscourts.gov/rules/ecf-related-instructions) § 6.9. **This Order will serve as the necessary "Order of the Court permitting filing under seal."** *See id*. §§ 6.1, 6.12.

4. Before submitting their supplemental affidavit(s) to the Court, the moving attorneys shall serve them upon their clients, and shall file proof of same on ECF.

5. If any or all Defendants wish to respond further to their attorneys' motion for leave to withdraw, they may do so in the form of a letter delivered directly to chambers by mail, courier, or overnight delivery service, addressed to:

Chambers of the Hon. Barbara Moses
United States Magistrate Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

6. Letters must include **the name and docket number of this case**, must be **signed** by the party or parties submitting it (including, in the case of a corporate or other

institutional party, the name and position of the signatory, and **<u>must arrive in chambers on or before July 23, 2021</u>**. Defendants must serve a copy of their response on the moving attorneys at the same time they submit it to the Court, but need not serve a copy on Plaintiff.

7. Any other objections or responses to the withdrawal motion must also be submitted to the Court no later than **<u>July 23, 2021</u>**.

8. Pending the outcome of the withdrawal motion, the briefing schedule on Plaintiff's motion to dismiss the Amended Counterclaims is STAYED, as is fact discovery. New deadlines will be set when the withdrawal motion is decided. The Clerk of Court is respectfully directed to close Dkt. No. 78.

Dated: New York, New York
July 12, 2021               SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**